# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DUSTY SHERWOOD, as next**
**friend of Kayden Sherwood**                                               **PLAINTIFF**

**v.**                           Case No. 4:18-cv-00787-KGB

**FIRE IT UP PRODUCTIONS, LLC,**
**KEVIN BLACKWELL, and ARKANSAS**
**DEPARTMENT OF FINANCE AND**
**ADMINISTRATION**                                                          **DEFENDANTS**

## ORDER

Before the Court is a motion to remand filed by plaintiff Dusty Sherwood, as next friend of Kayden Sherwood (Dkt. No. 4). Defendants Fire It Up Productions, LLC ("Fire It Up"), and Kevin Blackwell responded to the motion (Dkt. No. 7). For the following reasons, the Court grants the motion to remand and remands this action immediately to the Circuit Court of Cleburne County, Arkansas (Dkt. No. 4).

### I.     Factual Background

In his motion to remand, plaintiff maintains that Fire It Up hosted a team-roping competition in Jackson, Mississippi (Dkt. No. 5, at 1). Fire It Up sent text messages and otherwise advertised that the High Point Roper would win, among other prizes, a 2018 Ram Crew-Cab Dually Diesel (the "Truck") (*Id.*, at 1-2). Kayden Sherwood competed (*Id.*, at 2). At an awards ceremony held at the end of the competition, Fire It Up announced that Kayden Sherwood was the High Point Roper and winner of the Truck (*Id.*). Kayden Sherwood left Jackson, Mississippi, with the Truck (*Id.*).

The next day, plaintiff contends that Mr. Blackwell called plaintiff, who is Dusty Sherwood, Kayden Sherwood's father, and told him that Fire It Up would not be sending the title

to the Truck because, according to plaintiff, Mr. Blackwell claimed that Fire It Up should have handicapped Kayden Sherwood differently in the competition thereby requiring Kayden Sherwood to return the Truck (*Id.*). Plaintiff disputes that Kayden Sherwood should have been handicapped differently and contends that Kayden Sherwood is entitled to keep the Truck (*Id.*).

In plaintiff's complaint, plaintiff "specifically requests specific performance of the contract by the Court ordering Defendant to tender title of the truck to Plaintiff," for "attorney's fees [and] costs," and "all other relief to which he is entitled either in law or equity." (Dkt. No. 2, at 7, ¶¶ 59, 62, WHEREFORE).

Defendants Fire It Up and Mr. Blackwell filed a petition of removal on October 24, 2018, removing this action from the Circuit Court of Cleburne County, Arkansas, to this Court (Dkt. No. 1). At the time of removal, although the Arkansas Department of Finance and Administration was a named defendant, it had not been served nor had it made an appearance in the litigation (*Id.*, ¶ 2). Defendants based their removal petition on "complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332 . . . ." (*Id.*, ¶ 9). Defendants maintain that Fire It Up is a Texas corporation with its principal place of business in Jacksonville, Texas, and that plaintiff Dusty Sherwood, along with Kayden Sherwood, are citizens and residents of Cleburne County, Arkansas (*Id.*, ¶¶ 5, 6). In plaintiff's complaint, plaintiff alleges that Mr. Blackwell "is the principal owner or member" of Fire It Up and a resident of Texas (Dkt. No. 2, ¶ 3).

Further, with respect to the amount in controversy, defendants in their removal petition allege the following:

> This is a civil action in which Plaintiff seeks specific performance of an alleged contract between the parties asking the Court to order Defendants to tender title to a vehicle which is in dispute, a 2018 Ram Crew-Cab Dually Diesel to High Point Roper. As is alleged by Defendants in their Answer and Counterclaim, to be filed contemporaneously herein, the vehicle has a value more than $45,000.00. Plaintiffs also request attorneys' fees and costs.

2

(Dkt. No. 1, ¶ 7). Along with their notice of removal, defendants Fire It Up and Mr. Blackwell filed an answer to complaint and counterclaim against plaintiff (Dkt. No. 3). Defendants allege breach of contract, common law fraud, conversion, and, in the alternative, promissory estoppel (*Id.*).

Plaintiff maintains that the Truck, "by Defendants' own valuation is $45,000" and that the amount in controversy does not exceed $75,000, meaning this Court lacks jurisdiction and should remand (Dkt. No. 5, at 2). In response, defendants maintain that the amount in controversy exceeds $75,000, but in making this argument, defendants focus on the value of their counterclaim to reach this amount, not the value of plaintiff's complaint (Dkt. No. 7, at 3-6). In their filing, defendants represent that the value of the Truck is "approximately $48,041.00" (*Id.*, at 1, 3).

**II.     Analysis**

Federal courts have the power to hear claims based on diversity of citizenship. *See* 28 U.S.C. § 1332. Federal jurisdiction based on diversity of citizenship has two requirements: (1) no plaintiff in the action can be a citizen of the same state as any of the defendants and (2) the amount in controversy must exceed $75,000, exclusive of interests and costs. *Id.* Any civil action brought in a state court of which federal district courts have original jurisdiction may be removed. *See* 28 U.S.C. 1441(a). In removal cases, federal courts are required to construe strictly the federal removal statute, and doubts about federal jurisdiction are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997).

Generally, under § 1446, if removal of a civil action is "on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, the notice of removal may assert the amount in controversy if the initial pleadings seek non-monetary relief. 28 U.S.C.

§ 1446(c)(2)(A)(i). Where, as here, the sufficiency of the amount alleged to be in controversy is questioned, the party invoking federal jurisdiction must "prove the requisite amount by a preponderance of the evidence." *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009) (citing *Advance Am. Servicing of Ark., Inc. v. McGinnis,* 526 F.3d 1170, 1173 (8th Cir. 2008)). This rule applies "even in a removed case where the party invoking jurisdiction is the defendant." *James Neff Kramper Family Farm P'ship v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir. 2005).

In considering whether the amounts and claims alleged satisfy the required amount in controversy, the court looks to state law to determine the nature and extent of the right to be enforced as well as the state measure of damages and the availability of special and punitive damages. *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 352-53 (1961). The Court must engage in a "fact intensive" inquiry to determine whether the preponderance of the evidence standard has been met. *Bell,* 557 F.3d at 959. This standard requires the court to determine whether a fact finder might legally conclude the damages are greater than the requisite amount. *Id.* Further, this standard applies regardless of whether the complaint alleges a specific amount of damages or an amount under the jurisdictional minimum. *Id.* at 956.

Speculation on the part of the defendant as to the amount in controversy is not sufficient to meet the preponderance standard. *See, e.g., Thomas v. S. Pioneer Life Ins. Co.,* No. 3:09CV00120-WRW, 2009 WL 4894695, *2 (E.D. Ark. Dec. 11, 2009); *Nowak v. Innovative Aftermarket Sys.,* No. 4:06CV01622 ERW, 2007 WL 2454118 (E.D. Mo. Aug. 23, 2007). Jurisdictional facts must be judged at the time of the removal. *Dyrda v. Wal-Mart Stores, Inc.,* 41 F.Supp.2d 943, 946 (D. Minn. 1999). If "the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell,* 557 F.3d at 956. Any

4

doubt as to federal jurisdiction must be resolved in favor of remand. *In re Prempro Prods. Liab. Litig.,* 591 F.3d 613, 620 (8th Cir. 2010).

### A.  Consideration Of The Counterclaim

The Eighth Circuit has not squarely addressed the question of whether a counterclaim should be considered in calculating the amount in controversy in the removal context. The parties cite the Court to no authority on this issue. The Court's own research reveals a split among other courts. *See St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1254 (5th Cir. 1998) (counterclaims are subsequent events that should not be considered in evaluating the amount in controversy under 28 U.S.C. § 1332); *Cont'l Ozark, Inc. v. Fleet Supplies, Inc.,* 908 F. Supp. 668 (W.D. Ark. 1995) (defendant's counterclaim cannot supply the jurisdictional amount); *Davis v. Mutual of Omaha Ins. Co.,* 290 F. Supp. 217, 220 (W.D. Mo. 1968) (same); *but see Spectacor Mgmt. Grp. v. Brown,* 131 F.3d 120, 126 (3rd Cir. 1997) (compulsory counterclaim filed by defendant will satisfy jurisdictional amount); *Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.,* 98 F.3d 1241, 1245 (10th Cir. 1996) (defendant's compulsory counterclaim included in jurisdictional amount); *Swallow Assocs. v. Henry Molded Prods., Inc.,* 794 F. Supp. 660, 663 (E.D. Mich. 1992) (amount in controversy properly included counterclaims).

Many district courts in the Eighth Circuit have held that, in removal cases, the amount in controversy is determined without consideration given to the value of a defendant's counterclaim. *See Chief Indus., Inc. v. Campus Lofts, Inc.*, No. 8:05CV167, 2005 WL 3508456, at *2 (D. Neb. Dec. 22, 2005) (citing *Cent. Associated Carriers, Inc. v. Nickelberry,* 995 F. Supp. 1031, 1034-36 (W.D. Mo. 1998); *Cont'l Ozark*, 908 F. Supp. at 668; *Iowa Lamb Corp. v. Kalene Indus., Inc.,* 871 F. Supp. 1149 (N.D. Iowa 1994); *see also* 14C Charles Alan Wright, Federal Practice and Procedure § 3725 at 105-106 (3d ed. 1998) (for removal cases, "[t]he traditional rule has been than

5

no part of the required jurisdictional amount can be met by considering the defendant's counterclaim")).

This Court agrees with those courts that hold that counterclaims do not satisfy the jurisdictional amount. *See Al-Cast Mold & Pattern, Inc. v. Perception, Inc.*, 52 F. Supp. 2d 1081, 1082-83 (D. Minn. 1999) (adopting this view and setting forth reasons for doing so). Allowing a removing party to include his or her counterclaim would allow that party to establish diversity jurisdiction even though the plaintiff's claim does not support it. By focusing only on the plaintiff's complaint to ascertain the amount in controversy, courts achieve certainty, uniformity, and compliance with the requirement to construe strictly the removal statute. *Hurt v. Dow Chem. Co.,* 963 F.2d 1142, 1145 (8th Cir. 1992) ("diversity jurisdiction in removal case [is] narrower than if the case were originally filed in federal court by the plaintiff").

This rule is also in accord with federal question cases where, in the vast majority, jurisdiction is determined solely by the allegations contained in the plaintiff's complaint. The Supreme Court has held that the well-pleaded-complaint rule governs whether a case is removable. *See, e.g., Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 830 n.2 (2002) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 10 (1983)). In *Holmes,* the Supreme Court used the same test applicable for federal question jurisdiction under 28 U.S.C. § 1331 to determine whether the Federal Circuit had jurisdiction to hear an appeal under 28 U.S.C. § 1338(a). *Id.* at 829-30. As it was undisputed that United States patent law did not appear on the face of the plaintiff's complaint, the question became whether the defendant's counterclaim could confer "arising under" jurisdiction. *Id.* at 830. The Court held that it could not, explaining that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831

(citations omitted). The *Holmes* Court determined that to hold otherwise would upend the removal process. *Id.* at 831-32.

For all of these reasons, the Court determines that it cannot consider defendants' counterclaim when assessing whether the jurisdictional amount of $75,000 has been met.

### B. Consideration Of Plaintiff's Complaint

In responding to the motion to remand, defendants do not specifically argue matters raised by plaintiff's complaint. For purposes of resolving this motion, the Court will consider the face of plaintiff's complaint. In plaintiff's complaint, plaintiff seeks return of the Truck, which the parties value at somewhere between $45,000 and $48,041. Plaintiff also seeks attorneys' fees and costs. The diversity jurisdiction statute expressly excludes both costs and interest from the amount in controversy. 28 U.S.C. § 1332(a). As for attorneys' fees, when determining whether a party seeking removal has satisfied the amount in controversy burden, "only statutory attorney fees count toward the jurisdictional minimum calculation." *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) ("Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction.").

It is not all together clear what state law applies in this diversity action. The parties have not submitted a written contract with their complaint or counterclaim. The parties also have not briefed the issue of which state law controls, based on the Court's review of the filings to date. In this action, plaintiff is from Arkansas. Defendants are from Texas. To the extent performance was undertaken on the contract upon which the parties purport to sue, performance was undertaken in Mississippi, where the contest was held and where the Truck was given to Kayden Sherwood. The Truck was located in Arkansas when defendants contacted plaintiff refusing to tender title to

the Truck, according to allegations in the case.

Under Arkansas statutory law, specifically Arkansas Code Annotated § 16-22-308, attorneys' fees are permitted when a breach-of-contract action seeks equitable remedies such as specific performance. *See, e.g., Childs v. Adams,* 909 S.W.2d 641, 647-48 (Ark. 1995). However, plaintiff does not cite this Arkansas statute in his complaint (Dkt. No. 2). Under Mississippi law, "[i]t is well settled that attorney's fees are not to be awarded unless a statute or other authority so provides." *Miss. Dep't of Wildlife, Fisheries & Parks v. Miss. Wildlife Enforcement Officers' Ass'n, Inc.,* 740 So.2d 925, 937 (Miss. 1999). "In breach of contract cases, attorney fees generally are not awarded absent provision for such in the contract or a finding of conduct so outrageous as to support an award of punitive damages." *Garner v. Hickman,* 733 So.2d 191, 198 (Miss. 1999). Plaintiff also does not cite to Mississippi law in his complaint (Dkt. No. 2).

Even if statutory attorneys' fees are recoverable in this action, defendants have the burden at this stage of establishing the requisite jurisdictional amount by a preponderance of the evidence. Based on the record before the Court, Mr. Blackwell averred that his attorneys' fees incurred at the time of removal were estimated at $14,969.66, with an additional $5,000.00 to be payable by December 1, 2018 (Dkt. No. 7-1, ¶ 8). Defendants cite this Court to no other authority or evidence regarding attorneys' fees likely to be recovered by plaintiff. These figures, along with the value of the Truck, fall short of establishing $75,000 in controversy. It is defendants' burden to establish the propriety of removal, and any doubts are to be resolved in favor of remand.

**III. Conclusion**

For all of these reasons, the Court grants plaintiff's motion to remand (Dkt. No. 4). The Court remands this action immediately to the Circuit Court of Cleburne County, Arkansas.

So ordered this the 25th day of September, 2019.

_____
Kristine G. Baker
United States District Judge